UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-48 |
| | ) | |
| MAMADOU BAH | ) | |
| ALLAN MARCUS HARVEY | ) | |

**SUPPLEMENTAL
REPORT AND RECOMMENDATION**

This supplemental report and recommendation addresses defendant Allan Harvey's argument that he was detained for "investigative reasons" for such an inordinate amount of time that he was essentially arrested without probable cause, as a result of which any evidence of the credit cards seized from his wallet, and those which he deposited in the back of the police car as he was being transported to jail, should be suppressed.

Defendant asserts that "hours had passed" before Agent Kimbrough established that the credit cards contained altered information which constituted probable cause to arrest him. Thus, so defendant argues, since a *Terry*-stop allows only for a "brief investigative detention," his detention actually amounted to a *de facto* arrest without probable cause, and therefore the credit cards obtained from his wallet and the back seat of the police car were fruits of that unconstitutional arrest.

A police officer may stop and briefly detain a person for investigative purposes when that officer has a "reasonable suspicion," based on articulable facts, that criminal activity is

afoot, *Terry v. Ohio,* 392 U.S. 1, 30 (1968). If the detention is longer than "brief," the detention metamorphoses into a *de facto* arrest which must be supported by probable cause; otherwise, the arrest is invalid. But there is no bright-line time period for a *Terry*-stop, since "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." *United States v. Place*, 462 U.S. 696, 709 (1983), (quoted in *United States v. Sharpe, infra).*

> In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. [citations omitted.] A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing.

*United States v. Sharpe*, 470 U.S. 675, 686 (1985).

As discussed in the initial report and recommendation, the police were compelled to impound the co-defendant's rental car and to conduct an inventory search of it. The extraordinary cache of credit, debit, and gift cards - eighty-six in all – was found within a relatively few minutes of the co-defendant's arrest. The defendant Harvey was then "detained for investigative purposes" until the police could further investigate the status of those cards. If it be assumed for the sake of argument that there was no probable cause to arrest Harvey until Agent Kimbrough scanned the credit cards, then Harvey's investigative detention for that period of time was reasonable *under the circumstances*. Under those circumstances, the police moved with both diligence and dispatch. Indeed, they did all that

2

they could do. But, assumption aside, the police already had sufficient probable cause to arrest Mr. Harvey; the scanning of the cards by Agent Kimbrough was merely icing on the probable cause cake. Perhaps there is an incredibly profligate spender in this country who legitimately has in his possession eighty-six credit, debit, and gift cards, but it is unlikely. The extraordinary number of credit cards in the car, coupled with Harvey's frenzied movements as Officer Davidson was calling in the information to his dispatcher, constituted probable cause to believe that the cards were stolen or fraudulent and that Harvey was involved.

*Maryland v. Pringle*, 540 U.S. 306 (2003) is on point. In *Pringle*, a car carrying three men was stopped for speeding. A search of that car turned up cocaine and cash. All three passengers denied ownership or knowledge of the drugs and money, and all three were then arrested. Pringle, who ultimately admitted that the cocaine and money belonged to him, convinced the Maryland Court of Appeals that his confession was the fruit of an illegal arrest, because "'[t]he mere finding of cocaine in the back armrest when [Pringle] was a front-seat passenger in a car being driven by its owner is insufficient to establish probable cause for an arrest for possession.'" 540 U.S. at 369. The United States Supreme Court granted *certiorari* and reversed. The court noted that probable cause still remains a common-sensical concept which is defined by the "'practical consideration of every day life on which reasonable and prudent men, not legal technicians, act.'" *Id.*, 370 (citing *Illinois v. Gates*). The court went on to point out that "[t]he probable cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends

3

on the totality of the circumstances." *Id*., 371. The court then concluded that it was "an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus, a reasonable officer could conclude that there was probable cause to believe Pringle committed a crime of possession of cocaine, either solely or jointly." *Id*. , 800-801. Therefore, from the time Officer Davidson found those cards, he had probable cause to believe that Harvey at the very least jointly possessed them with Bah and that they were fraudulent.

Accordingly, on either of two bases, defendant's argument should be rejected. First, merely finding eighty-six credit, debit, and gift cards in the trunk of the car within a relatively short span of time from the initial stop constituted probable cause to believe that Harvey was in joint possession of those cards, and the cards were the result of some illegal activity. Second, even if the discovery of the cards did not constitute probable cause to believe that Harvey committed some criminal offense with regard to them, nevertheless his continued detention, even for two or three additional hours, was appropriate to enable the police to confirm the obvious: that the cards were fraudulent. The police did all they reasonably could have done under the circumstances, unless it be held as a matter of law that a patrol officer should carry a card scanner in his car for his immediate use.

4

It is again recommended that the defendant Harvey's motion to suppress be denied.[1]

Respectfully submitted,

        s/ Dennis H. Inman
        United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).